et al., Case No. 241658, and I understand that both sides are on Zoom. Ms. Goldberg, good afternoon. Can you hear me? Good afternoon. Can you both hear me? Okay, great. Go ahead, Ms. Goldberg. Trial? Yes. Can you hear me? Yes. Go ahead. There were a number of disputed facts that needed to be resolved at trial, and two important areas were that ours actually worked and whether or not she was exempt. The employee worked for less than a month. She was untruthful on her resume. She was untruthful in her experience. And most importantly, there was evidence to show that she was untruthful and she falsified the hours she actually worked. As to the hours, there were text messages and there were four witnesses that she had put hours on her self-written time sheet that she had never worked. Those hours were incorrect about the time that she left work, about the time that she arrived, and also that she had actually come into the office on days that there were text messages that she herself admitted that she was taking the day off. All right. Counsel, you're addressing the merits. Can you talk for a moment about why we have jurisdiction to review the merits based on the timing of the notice of appeal? Yes. So I believe if you look at, and I stated this in the reply, under Honeywell versus, and I apologize if I slaughter this, I'm dyslexic, her later, the court pointed out there, even assuming that the district court's decision regarding the employer's ERISA liability was an error, the pending motion for fees and costs prevented the district court with an opportunity for self-correction. The employer... Oh. No decision concerning the remedy of the employer that mattered towards attorney's fees. So I believe that the time for appeal was after the final decision on the attorney's fees. And I noted that opposing counsel cited Bernix versus Becton. And the difference in that one is they actually had a full-blown trial, and he had also filed a motion to have a new trial, which was denied. It was not summary judgment. And so because there were other issues in the summary judgment, until there was a final decision, I believe, for the reasons stated in our reply, that this court, in fact, does have jurisdiction.  So turning to the merits, additionally, there were issues that needed to be determined exactly as to what her jobs were. Her offer letter clearly said she was an executive assistant. Her job was to basically be second-in-command, make decisions, give directions over staff from personal assistants to household managers to office staff, like paralegals. None of this was addressed. And despite these disputed facts, she truly had performed duties that were exempt. All of that should have been, the testimony on that should have been heard because they were disputed. Additionally, with regard to the attorney fee issue, it's important to note that three of the four claims were dismissed by the plaintiff. And the amount that she recovered in summary judgment motion was less than half of what she was offered in settlement prior to the beginning of the case. I agree that there was an error made, and the attorneys did not file a Rule 68 motion, which would have solved these problems. However, it does not negate the judge's authority to reduce attorneys' fees where they were not necessarily reasonable. And the fact that she had ran up this really high bill in attorneys' fees when, in fact, that her client recovered just less than $5,000 and she was offered in settlement $10,000 means that all of these attorneys' fees weren't necessarily reasonable and they should have been reduced. Thank you very much. You reserve some time for rebuttal. We'll hear from Ms. Dodson. May I please have the Court plaintiff, appellee, Representative Ben Dodson? Can everybody hear me okay? Yes. Great. Thank you. I believe the issues presented in this case should be a lot simpler than some of those before the Court here today. There are two primary arguments in this appeal, one regarding the attorneys' fees and the other about the substantive merits. I'm going to briefly address them in reverse order. By way of very brief background, this is a single plaintiff wage and hour case, more specifically in salary misclassification resulting in underpayment for overtime work. In a lower court, on behalf of the plaintiff, we moved for summary judgment and then District Judge Rochon entered an order in our favor on February 29, 2024. The Court entered a judgment the next day and no appeal was filed within the 30 days of that judgment. Subsequently and separately, we moved for an award of attorneys' fees and the lower court entered that order on May 20, 2024. This appeal was filed on June 19, 2024. As for the arguments in our briefing, the defendant appellants attempt to argue the merits of the substantive claim order, but this Court does lap jurisdiction to hear that argument. Their attempt to appeal the underlying judgment was raised for the first time in their brief at appeal docket number 39.1, and it was untimely as per the FRAP 4A1A, as it was not raised within 30 days of the judgment on the substantive claims. Furthermore, nothing about the merits decision was even raised within 30 days of the attorneys' fees decision. For example, the notice of appeal only relates to the attorneys' fees and costs awarded and the two attachments at docket 2 and 3 were related to the attorneys' fees motion. Finally, their appendix, which is at docket 40.1, only contains the attorneys' fees order and judgment and counsel's billing logs. It has nothing in it that would bear on the merits of the decision. Thus, this Court has not even been provided with record evidence allowing it to conduct a de novo analysis were it inclined to do so. Basically, nothing about the merits decision was raised until the filing of the briefs in December of 2024, approximately nine or ten months after the ruling. Even if the Court were to consider the merits under a de novo review of the facts, we believe that the Court would reach the same conclusions as the district judge did, namely that Ms. Coker was not exempt and did work more than 40 hours, at least some work weeks, and therefore was entitled to a ruling on her favor. As to the second argument regarding the attorneys' fees ruling, appellants have pointed to no clear error in the order or in the legal analysis. They are merely restated arguments they tried to raise below based on their disagreement with Judge Rochon's assessment of the award. As this Court is well aware, the legal standard for the review of attorneys' fees awards is, as stated in Matthew Bender and Company, the West Publishing Company at 240 Federal 3rd, 116, that the district court's decision on attorneys' fees will be reversed only if it is based on an erroneous determination of law, a clearly erroneous assessment of the evidence, or if the decision cannot be located within the range of permissible decision. Abusive discretion is one of the most deferential standards of review. It recognizes the district court, which is intimately familiar with the nuances of the case, is in a far better position to make certain decisions than is an appellate court, which must work from a cold record. Defending appellants simply would fail to articulate any abusive discretion on Judge Rochon's order. While plaintiff's counsel would have preferred there have been no reduction from the full amount requested in attorneys' fees, we did not appeal because we recognize that Judge Rochon conducted a thorough analysis, used appropriate legal standards, and used her judgment, having been intimately involved with the case. We therefore ask that the Court uphold the lower court's decisions. Thank you very much, Ms. Dotson. So, Ms. Goldberg had reserved some time for rebuttal, but I don't see her on the screen. Sorry, the Internet's... Yeah, I'm in, so I'm trying to preserve the... I'm going to submit. I'm going to submit, Your Honor. Oh, great, great. Thank you very much. Full reserve decision. Thank you. That concludes today's hearing.